**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
———————————————————————

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                     **07-CR-0032S(Sr)**

**CLAUDE J. CALDWELL,**

        **Defendant.**
———————————————————————

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Claude J. Caldwell ("the defendant"), is indicted along with three co-defendants in a multi-count Indictment wherein he is charged with having violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Count 6); 21 U.S.C. § 844(a) and 18 U.S.C. § 2 (Count 7); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 844(a) (Count 8); 18 U.S.C. §§ 924(c) and 2 (Count 9); and 21 U.S.C. § 844(a) and 18 U.S.C. § 2 (Count 10).  (Docket #1).  These charges arise from the execution of a search warrant issued by Chief Judge Violanti of the Niagara Falls City Court for the premises located at 1339-1/2 Pierce Avenue in the City of Niagara Falls, New York on November 11, 2006.

The defendant has filed and omnibus motion (Docket #58) and a supplemental motion (Docket #69) wherein he seeks: (1) a severance from the other co-defendants named in the instant Indictment; (2) "discovery as to the manner in which the search warrant was executed and clarification of what was seen upon entry, or before;" (3) "the testimony and summary of witnesses that were presented to the grand jury and/or will be utilized at trial;" (4) "the nicknames of each of the informants as well as their identity, photos and copies of all notes taken of interviews along with dates, times and places;" (5) "copies of tests as concern operability" of weapons seized "and availability of fingerprint comparisons and DNA samples" along with "a statement from the government setting forth where each item of evidence was found and the weight of each drug found;" (6) "discovery pursuant to Rule 16" Fed. R. Crim. P.; (7) "a list of the witnesses intended to be called by the government;" (8) production of "FRE 404(b) material," "FRE 609 material," and "FRE 803(24) (sic) evidence;" (9) a bill of particulars; (10) exclusion "from the trial of any statements made by any others other than those testifying co-conspirators or other witnesses that have been noticed to defense at the trial herein;" (11) production of *Brady, Giglio* and *Jencks* material; (12) "preservation of rough notes;" and (13) "leave to make other and further motions."

The government has filed a response to these requests of the defendant. (Docket #s 66 and 72).

Each of the defendant's requests will be addressed herein.

## DISCUSSION AND ANALYSIS

**1.     Defendant's Request For A Severance:**

The defendant is indicted along with the co-defendants, Courtney T.

Moragne, Tywon M. Mallory and Tamika N. Florence.[1]  Defendant Moragne is charged

in Counts 1 through 13 of the Indictment with having violated 21 U.S.C. §§ 841, 844,

846 and 18 U.S.C. § 924.  The defendant Mallory is charged in Counts 6 through 13 of

the Indictment with having violated 21 U.S.C. §§ 841, 844, 846 and 18 U.S.C. § 924.


The defendant argues that since he is only charged in Counts 6 through

10 of the Indictment, he would be prejudiced by being tried with the co-defendants

Moragne and Mallory who are further charged in Counts 1 through 5 and Counts 11

through 13 of the Indictment.  More specifically, the defendant asserts that he "is only

charged for the events of November 11, 2006" whereas the co-defendants Moragne

and Mallory are charged with additional, similar crimes that allegedly occurred on

June 13, 2006 and January 25, 2007 and because "the events of June 13, 2006 and

January 25, 2007 are so similar in nature to those crimes of which [the defendant] is

charged" he would be prejudiced and denied "a fair trial" by being tried along with said

co-defendants.  (Docket #58, p. 2).

---

[1] The defendant Florence is presently scheduled to enter a plea of guilty before the
Hon. William M. Skretny on February 14, 2008 and therefore, she will not be considered
in resolving the defendant's motion for a severance.

The defendant also claims that the co-defendant "Moragne has relative and probative information" relating to the weapons charges herein and that "his testimony is necessary in order for [the] defendant to prepare a defense." He further asserts that "if a joint trial were to be held, Moragne would not testify on behalf of [the defendant] and "would invoke his privilege against self-incrimination." As a result, the defendant "would then be denied the benefit of any potentially exculpatory testimony Moragne may be able to provide." (Docket #58, pp. 2-3; Docket #69, p. 2).

The government responds that the defendant has not made a sufficient showing of prejudice to warrant severance.

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

When the charges against the defendants involve a common plan or scheme, the defendants who have been indicted together will normally be tried together. *United States v. Matos-Peralta*, 691 F. Supp. 780, 789 (S.D.N.Y. 1988). "The disposition of a motion for severance under Rule 14 is entrusted to the sound discretion of the trial court. *See United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)." *United States v. Matos-Peralta* at 788; *Opper v. United States*, 348 U.S. 84 (1954).

The defendant maintains a "heavy burden" in establishing a right to a severance.  *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir.), *cert. denied sub nom. Crespo v. United States*, 442 U.S. 919 (1979).  He must establish that he will be so severely prejudiced by a joint trial that he will in effect be denied a fair trial.  *United States v. Persico*, 621 F. Supp. 842 (S.D.N.Y. 1985).

> In deciding whether to grant severance based on the defendant's need to call a co-defendant, a district court should consider (1) the sufficiency of the showing that the co-defendant would testify at a severed trial and waive his Fifth Amendment privilege; (2) the degree to which the exculpatory testimony would be cumulative; (3) the counter arguments of judicial economy; and (4) the likelihood that the testimony would be subject to substantial, damaging impeachment.

*United States v. Wilson*, 11 F.3d 346, 354 (2d Cir. 1993), *cert. denied*, 511 U.S. 1130 (1994).  The failure to submit a declaration affirming that a co-defendant would testify and waive his Fifth Amendment privilege warrants denial of the motion.  *Id.; see United States v. Bari,* 750 F.2d 1169, 1177 (2d Cir. 1984) ("burden of demonstrating prejudice is not satisfied by wholly conclusory statements merely labeling the proffered testimony as exculpatory"), *cert. denied sub nom Benfield v. United States*, 472 U.S. 1019 (1985); *United States v. Solomonyan*, 451 F. Supp.2d 626, 651 (S.D.N.Y. 2006) (failure to submit a declaration from co-defendant affirming, under penalty of perjury, that co-defendant would testify and waive his Fifth Amendment privilege warrants denial of motion for severance); *United States v. Ferrarini*, 9 F. Supp.2d 284, 293 (S.D.N.Y. 1998) (summarily dismissing motion for severance where there was no showing that co-

defendants would testify at a separate trial or that their testimony would exculpate

defendant).

> The ultimate question is whether, under all the
> circumstances of the particular case, as a practical matter, it
> is within the capacity of the jurors to follow the court's
> admonitory instructions and accordingly to collate and
> appraise the independent evidence against each defendant
> solely upon that defendant's own acts, statements and
> conduct.  In sum, can the jury keep separate the evidence
> that is relevant to each defendant and render a fair and
> impartial verdict as to him?  If so, though the task be difficult,
> severance should not be granted.

*United States v. Kahaner*, 203 F. Supp. 78, 81-83 (S.D.N.Y. 1962); *aff'd*, 317 F.2d 459

(2d Cir.), *cert. denied*, 375 U.S. 836 (1963).


The charges against this defendant and his co-defendants in the

Indictment are such that with appropriate instructions from the trial judge, a jury will be

able to collate and appraise the independent evidence against the defendant solely on

his acts, statements and conduct and thereby render a fair and impartial verdict as to

him.  Therefore, defendant's request for a severance is DENIED.


### 2.   Defendant's Request As To The Manner In Which The Search Warrant Of November 11, 2008 Was Executed:

"The defense seeks further discovery as to the manner in which the

search warrant [relating to the November 11, 2006 search] was executed and

clarification of what was seen upon entry, or before" claiming that "the location of [the

defendant] upon execution of the warrant is significant to the defense."  (Docket #58,

p. 3).  The defendant also seeks production of any surveillance notes that exist that

relate to any "surveillance [that] was initiated on the premises [at 1339-1/2 Pierce

Avenue] prior to entry" on November 11, 2006.  (Docket #58, p. 4).

        The defendant does not contest the validity of the search warrant in

question but rather appears to be seeking factual or evidentiary information relating to

the events of November 11, 2006 in which he was involved.  In support of this request,

he points to what appears to be a discrepancy between what was contained in the

original affidavit in support of the search warrant application and a supplementary

police report relating to alleged informant controlled purchases of drugs in October

2006 and November 2006.  (Docket #58, p. 3; Docket #69, p. 2).

        The government has responded to these requests by stating:

> The government has already provided to the defense all of
> the material within its possession with regard to the search
> warrant, the execution of the search warrant and entry into
> the premises named in the warrant, the recovery of items of
> contraband and arrest of the defendants with regard to
> Counts 6 through 10 of the Indictment.  The government is
> not aware of any notes of officers involving surveillance of
> the premises prior to the execution of the search warrant,
> however, if any such exists they will be provided to the
> defendants.

Docket #66, p. 13.

        Based on the government's response, the defendant's request as to the

manner in which the search warrant was executed and his request for production of

surveillance notes are DENIED on the basis that they are moot.

### 3.    Defendant's Request For Production Of Transcripts Of Grand Jury Witness Testimony And Summaries Of Witness Testimony That Will Be Utilized At Trial:

The defendant seeks "to know the testimony and summary of witnesses that were presented to the grand jury and/or will be utilized at trial" claiming that this information "is particularly important as to the entry into the dwelling pursuant to the search warrant on December (sic)[2] 11, 2006 and the manner and times at which surveillance had been made prior to the entry into the dwelling."  (Docket #58, p. 4).

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."  *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him.  It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C.  § 3500.  The government has represented that "complete transcripts of all testimony of all witnesses before the grand jury will be provided to the defendant at a date no later than two weeks before a trial of this Indictment or at any other date as set by the district trial court."  (Docket #66, p. 13).

---

[2] The Court views the month of "December" as a mistake and believes that the defendant meant "November" and it will be treated as such.

It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury

proceedings is DENIED.


**4.     Defendant's Request For Disclosure
         Of Informants' Identities:**

The defendant references the apparent discrepancy in the search warrant

application wherein "informant #2601" made a controlled purchase at 1339-1/2 Pierce

Avenue in October 2006 and the police supplemental report where it is indicated that

the purchase was made on November 1, 2006, therefore claiming that "without the

information sought herein, the defendant's right of confrontation will be compromised."

(Docket #58, p. 4).


In its response, the government admits "that it did receive information

from confidential informants that it utilized in establishing the requisite probable cause

to obtain the search warrants that are involved in this Indictment" but states that it "does not intend to call as a witness at a trial of this Indictment, any of the confidential informants that provided such information."  (Docket #66, p. 14).

It is pointed out that in his motion papers, the defendant apparently admits that "only 1.49 grams of alleged crack cocaine was (sic) found in [the defendant's] pants pocket at the time of the arrest" and that "all of the other drugs and guns found were neither under his control nor in his actual possession."  (Docket #58, p. 4).

The defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case."  As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question,
> *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623,
> 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's
>> identity, or of the contents of his
>> communication, is relevant and helpful to the
>> defense of an accused, or is essential to the
>> fair determination of a cause, the [informant's]
>> privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that
> "no fixed rule with respect to disclosure is justifiable."  *Id.* at

62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."  *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case.  789 F.2d at 170."

-11-

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

**5.      Defendant's Request For "Copies Of Tests As Concerns Operability" Of Weapons Seized, "Fingerprint Comparison And DNA Samples:"**

This request relates to materials and information that the government is obligated to produce under Rule 16 of the Fed. R. Crim. P.  In its response, the government has stated that it "has previously provided to the defendant all the materials within its possession with regard to the laboratory analysis concerning the alleged controlled substances involved in Counts 6 through 10" and that "the bench notes of Forensic Scientist Mark R. Shaw with regard to the scientific analysis of the substances will be provided to the defendant at a time no later than two weeks prior to trial or at a date earlier as set by the district trial court."  Further, the government states that it "will provide to the defendant any scientific tests or laboratory reports with regard to the test firing of the weapons seized at the time of the execution of the search warrant on November 11, 2006, as soon as such records become available, but in any event no later than two weeks prior to trial."  (Docket #66, p. 16).

As to those items or information produced by the government pursuant to Rule 16 of the Fed. R. Crim. P., the defendant's motion is DENIED on the basis that it is moot.  As to those items that the government states it will produce as soon as they

-12-

become available, the defendant's motion is DENIED on the basis that it is moot.

However, this Court does not accept government counsel's statement that the "bench

notes will be provided to the defendant at a time no later than two weeks prior to trial or

at a date earlier as set by the district trial court."  Rule 16(a) does not contain time

periods or deadlines for compliance by the government in responding to requests by the

defendant.  To the contrary, Rule 16(a)(1)(F) states:

> Upon a defendant's request, the government **must** permit a
> defendant to inspect and to copy or photograph the results
> or reports of . . . any scientific test or experiment if:
>
> (i)   the item is within the government's possession,
>       custody or control;
>
> (ii)  the attorney for the government knows - or through
>       due diligence could know - that the item exists; and
>
> (iii) the item is material to preparing the defense or the
>       government intends to use the item in its case-in-chief
>       at trial.  (emphasis added).

Since the defendant has requested those scientific "lab notes" pursuant to

Rule 16 of the Fed. R. Crim. P., he is entitled to immediate disclosure of same pursuant

to Rule 16(a)(1)(F) and such disclosure is hereby ORDERED.  However, the

defendant's request that the government provide "a statement setting forth where each

item of evidence was found" is DENIED.

### 6.      Defendant's Request For Production Of Rule 16
Fed. R. Crim. P. Materials And Information:

This request is covered in the Court's ruling in paragraph 5 above.

Further, the government has represented that it has produced all material and/or

information to which the defendant is entitled under Rule 16, Fed. R. Crim. P.

(Docket #66, pp. 16-17).  Therefore, except for as provided in paragraph 5 above, the

defendant's request is DENIED on the basis that it is moot.


### 7.      Defendant's Request For "A List Of The Witnesses
Intended To Be Called By The Government:"

The defendant has moved for disclosure of the identity of witnesses who

will testify at trial, but has offered no "particularized showing of need" for same.  *See*

*United States v. Hennings,* No. 95-CR-0010A, 1997 WL 714250, at *13.  Fed.R.Crim.

P. 16 does not require such disclosure, and because there has been no showing of

need, the motion is DENIED.  *See id.; United States v. Bejasa,* 904 F.2d 137, 139 (2d

Cir.), *cert. denied,* 498 U.S. 921 (1990); *United States v. Johnson,* No. 92-CR-39A,

1994 WL 805243 (W.D.N.Y. May 26, 1995), *aff'd,* 108 F.3d 1370 (1997); *United States

v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).

**8.     Defendant's Request For Production Of "FRE 404(b)
         Material, FRE 609 Material And FRE 803(24)[3] Evidence:"**

In its response, the government states that "it does not intend, pursuant to Federal Rule of Criminal Procedure (sic)[4] 404(b) to utilize in its case in chief, evidence of any of either defendants' prior convictions" and that it "will also not utilize any such convictions pursuant to Federal Rule of Evidence 609."  (Docket #66, pp. 17-18).

Based on these representations, the defendant's request is DENIED on the basis that it is moot.

**9.     Defendant's Request For A Bill Of Particulars:**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places and events of every drug transaction as well as alleged participants of the conspiracy alleged in the Indictment on the basis that "allegations in the Indictment are so general that it makes it impossible for the defense to prepare for each and every transaction that is alleged to have been a sale by the defendant to any cooperating witnesses."  (Docket #58, p. 10).

---

[3] The defendant erroneously cites "803(24)" F.R.E. since this provision was transferred to Rule 807 F.R.E. effective December 1, 1997.  This Court will treat the request as being made with respect to Rule 807 F.R.E.

[4] Obviously, the correct reference should be to the Federal Rules of Evidence and this Court will so treat it that way.

As part of its response, counsel for the government states that  the volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy and the drug transactions alleged in the Indictment thereby making a bill of particulars unnecessary.  (Docket #66, pp. 18-20).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8[th]

Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d
149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, _ F.3d _ (2d Cir.

2007).

### 10.     Defendant's Request For Exclusion Of Testimony:

The defendant seeks to exclude "from the trial any statements made by

any others other than those testifying co-conspirators or other witnesses that have been

noticed to defense at the trial herein."  (Docket #58, p. 11).

The government has responded to this request by advising that it "is not

aware of the existence of any non-testifying co-conspirators, nor is it aware of the

existence of or is it in the possession of any statements from such individuals."  (Docket

#66, p. 20).

Based on the government's response, this request is DENIED as being

moot.

### 11.     Defendant's Request For *Brady, Giglio* And *Jencks* Material:

The defendant has made a broad request for any and all materials and/or

information, including a culling of government agent personnel files, that would be

"exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*,"

-17-

"*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any "'exculpatory' material within the contemplation of *Brady*." (Docket #66, p. 21).   The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.   As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.   The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."   *Id*. at 144.   With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.   *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).   However, if the government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 12.    Defendant's Request To Preserve "Rough Notes" And Evidence:

It appears that the defendant is attempting to have all potential *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

The defendant also seeks to require the government "to preserve and protect for (sic) destruction, alteration, mutilation or dilution any and all evidence acquired in their (sic) investigation of defendant."  (Docket #58, p. 14).

The government has responded by stating that it "has no intention of destroying any evidence in this case and will not do so."  (Docket #66, p. 22).

Based on the government's representation, the defendant's request is DENIED on the basis that it is moot.

### 13.    Defendant's Request For "Leave To Make Other And Further Motions:"

Defense counsel states that "the defense has been given a great volume of discovery materials" and will need additional time to review these materials. (Docket #58, p. 14).  As a result, the defendant, after such review has been completed, may need to file additional motions and he therefore requests permission to file such future motions.  The defendant's request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in**

**the District Judge's refusal to consider the objection.**


**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**


**DATED:**    **Buffalo, New York**
            **February 14, 2008**